UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA E.K. JANCZUK,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

24-CV-3426 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Weronika Janczuk, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction and seeking injunctive relief. By order dated May 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff brings this action naming as the defendant the United States of America. In the fact section of the complaint, Plaintiff states:

> No publicly-available standard for evaluation and litigation exists for any procedural essential to the acquisition and publication of the book (as in, standards related to the object itself, not to any form of proximate-to-it corporate lifestyle, even as both might and/or do impact each other in all praxes).[1]

(ECF 1, at 3.) In the injury section of the complaint, Plaintiff states:

> Personalities of a particular kind cannot find the voices they require or desire, even as they cognize with mutual agreement the value of written art. . . . Persons understanding themselves to have a skykiographic or cognitive authority--especially in ever-instilled empathy with and for those industrially and commonly understood as excellent--cannot be guaranteed proportionate skykiographic or cognitive authorities. If partnerships like agenting and editorial work are like marriage in some major-cognitive synonymytry, the industry doesn't guarantee partnership.

(*Id.*) For relief, Plaintiff seeks:

> For the USA to offer literary agents, their agencies, their software engineers and similar, their editors and publishers a legal salary or stipend to operate adjudicatively and to begin the process of constructing a legal infrastructure that litigates unto published "staffolds"--positive statements containing within themselves the entire thought, concept, notion, or otherwise—over the nature, type, utility, or otherwise of the book product involved (i.e., "a lawsuit to litigate constructively whether the pages here are generic relative to other books"(), etc.), a model for an industry-wide language where none exists, for a framework of transparency against which to litigate competencies (an innovation from a model of ontological-reputation-like-infused purchase, a good always but one that monopolizes a particular dimension of experimental and potency-unto-actuality analyses in niche contexts, as the foundation and maintenance of a book publishing company in a "saturated market" with bizarre and unique contingencies is not necessarily a rational or proportionately-easy venture-seeking phenomenon; time and distribution and algorithmic support of those things generally understood to be valued and universally-agreed to be valued--to the proportionate extant that publishers and corporations like Amazon persist and do so with utility).

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

(*Id.* at 3-4.)

## DISCUSSION

**A.     Sovereign immunity**

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against Defendant. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.     Standing**

Plaintiff has also failed to allege facts sufficient to show that she has standing to assert her claims. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a

generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits [her] than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted)."'If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.'" *Mahon*, 683 F.3d at 62 (internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement. . . .").

Here, Plaintiff does not allege any facts showing that she has suffered a concrete and particularized injury caused by Defendant. Rather, she seeks relief from Defendant for the alleged harm caused by the book publishing industry. Accordingly, the Court also dismisses Plaintiff's claims for lack of standing and, consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62.

C.  **Plaintiff's action is frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i). An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Plaintiff, without any legal basis to do so, asks this Court to compel the United States to adopt her recommendations regarding the book publishing industry. Because there is no legal basis for these claims for relief, the Court further dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**D.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction and as frivolous. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment in this case.

SO ORDERED.

Dated:   November 14, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge